# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH HARRINGTON, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-10133-LTS |
| Plaintiff, | Hon. Leo T. Sorokin |
| v. | |
| TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JOHN CRAIG THOMPSON, and DAVID LUBNER, | |
| Defendants. | |
| DAN SCHLAPKOHL, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-10577 |
| Plaintiff, | |
| v. | |
| TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JOHN CRAIG THOMPSON, and DAVID LUBNER, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING NEWVANA VENTURES LIMITED'S MOTION FOR: (1) CONSOLIDATION OF ALL RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF LEVI & KORSINSKY LLP AS LEAD COUNSEL**

Having considered Movant Newvana Ventures Limited's ("Movant") Motion for: (1) Consolidation of All Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of Selection of Counsel (the "Motion"), and good cause appearing therefore, the Court ORDERS as follows:

## I. CONSOLIDATION

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following actions are hereby consolidated for all purposes:

| Case Caption | Docket No. | Filing Date |
|---|---|---|
| *Harrington v. Tetraphase Pharmaceuticals Inc. et al.* | 1:16-cv-10133-LTS | January 28, 2016 |
| *Schlapkohl v. Tetraphase Pharmaceuticals Inc. et al.* | 1:16-cv-10577-LTS | March 23, 2016 |

2. These actions shall be referred to herein collectively as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Action.

3. Every pleading in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *In re Tetraphase Pharmaceuticals Inc. Securities Litigation* | Civil Action No. 1:16-cv-10133-LTS<br><br>CONSOLIDATED SHAREHOLDER LITIGATION |

4. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

## II. MASTER DOCKET AND MASTER FILE

2

5. A Master Docket and Master file shall be established for the Consolidated Action. The Master File shall be Case No. 1:16-cv-10133-LTS. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, or other document is filed with a caption indicating that it is applicable to fewer than all of these Consolidated Actions, the clerk shall file such pleadings in the Master File and note the filing in the Master Docket and in the docket of each action referenced.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another Court, the clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action;

   b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. Make the appropriate entry in the docket for this action.

7. Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control,

including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9. Movant Newvana Ventures Limited has timely moved the Court to be appointed Lead Plaintiff in the Consolidated Action.

10. Having considered the provisions of 15 U.S.C. §78u-4(a)(3)(B), and the materials submitted by Newvana Ventures Limited in support of his motion, the Court hereby concludes that Newvana Ventures Limited is the "most adequate plaintiff" and also satisfies the requirements of 15 U.S.C. §78u-4(a)(3)(B). Thus, the Court hereby appoints Newvana Ventures Limited as Lead Plaintiff to represent the interests of the putative Class.

11. Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Newvana Ventures Limited has selected and retained the law firm of Levi & Korsinsky LLP as Lead Counsel. The Court hereby approves Movant's selection of Lead Counsel.

12. Lead counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by Lead Counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

  f. to coordinate all settlement negotiations with counsel for defendants;

  g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

  h. to coordinate the preparation and filings of all pleadings; and

  i. to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

13. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of Lead Counsel.

14. Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

15. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall act as the liaison between the Court and plaintiffs and their counsel.

**IT IS SO ORDERED.**

Dated: _____, 2016

                          The Honorable Leo T. Sorokin
                          United States District Judge