**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSEPH HARRINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JOHN CRAIG THOMPSON, and DAVID LUBNER<br><br>Defendants. | Case No. 1:16-cv-10133-LTS<br><br>Hon. Leo T. Sorokin<br><br>**ORAL ARGUMENT REQUESTED** |
| DAN SCHLAPKOHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JOHN CRAIG THOMPSON, and DAVID LUBNER<br><br>Defendants. | Case No. 1:16-cv-10577-LTS<br><br>Hon. Leo T. Sorokin<br><br>**ORAL ARGUMENT REQUESTED** |

**PLYMOUTH COUNTY RETIREMENT SYSTEM'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO
COMPETING MOTIONS**

## INTRODUCTION

Lead Plaintiff movant, and putative Class member, Plymouth County Retirement System ("Plymouth"), by and through its counsel, respectfully submits this Reply Memorandum of Law to the opposition to the memoranda filed by Newvana Ventures Limited ("Newvana") (ECF No. 42) and Daryll Handell ("Handell") (ECF No. 36) and in further support of its Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The PSLRA provides that that the movant with the largest financial interest in the case shall be deemed the "presump[tive]" lead plaintiff and shall be appointed, as long as it is otherwise typical and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure. *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001). The movants' respective opposition briefs confirm that: (1) Plymouth has the largest loss of any movant that is also adequate and typical in all respects and should be appointed Lead Plaintiff (*See* ECF Nos. 17-19, 40-41); and (2) Plymouth is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.

Accordingly, Plymouth's motion for lead plaintiff should be granted and the competing motions for lead plaintiff should be denied.

## ARGUMENT

**I. Newvana Cannot Satisfy Rule 23's Adequacy and Typicality Requirement Because it is Subject to Unique Defenses**

Newvana contends that it is "the most adequate plaintiff," within the meaning of that phrase under the PSLRA, because it "has the largest financial interest in the relief sought by the class" and also "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §§77z-1(a)(3)(B)(iii)(I)(bb)-(cc), 78u-4(a)(3)(B)(iii)(I)(bb)-(cc); *see also* ECF No. 42 at 4-6. However, as an options trader or market maker, Newvana is inadequate and atypical and cannot satisfy the requirements of Rule 23. *See Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061(RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) ("As an options holder,

[Newvana] is potentially subject to unique defenses irrelevant to regular stock purchasers in the class, . . . as well as standing challenges.").

Courts have frequently found that options may not properly be considered in connection with the representation of a class of stock purchasers. *See id*. (if options purchasers were appointed lead plaintiff then option trading would likely "'threaten to become the focus of the litigation'") (citing *Weikel v. Tower Semiconductor, Ltd*., 183 F.R.D. 377, 391 (D.N.J. 1998) (rejecting option purchaser where factual issues would divert focus from securities litigation)); and *Margolis v. Caterpillar, Inc*., 815 F. Supp. 1150, 1156 (C.D. Ill. 1991) (option holder's claim was not typical of stock purchaser's claim and thus, could not represent stockholders, only a class of option holders). Likewise, a large proportion of Newvana's claimed losses are attributable to its purchases of Tetraphase stock, as a result of the exercise of put options sold after the Class Period (ECF Nos. 25-1, 25-2).

In contrast with the typicality and adequacy of Plymouth (ECF No. 18 at 10-11), Newvana's option transactions will subject it to a myriad of unique defenses that are likely to become the focus of this action in derogation of the interests of the Class, which renders Newvana atypical and inadequate to serve as Lead Plaintiff.

## II. The PSLRA's "Five and Three" Rule Does Not Apply to Institutional Investors Like Plymouth

Movant Handell contends in his opposition that the PSLRA's restrictions on serving as a lead plaintiff more than five times in the past three years, the "Five and Three" rule, bars Plymouth from serving as Lead Plaintiff in this case. ECF No. 37; *see also* 15 U.S.C. §78u-4(a)(3)(B)(vi). However, this argument is premised on a flawed interpretation of the PSLRA and should be rejected. The weight of authority in this District, and elsewhere, holds that public pension funds, like Plymouth, are not subject to the Five and Three rule because they are ideal plaintiffs in that they are typically: (i) large institutions; (ii) with fiducuairy duties to their beneficiaries; and (iii) are assisted by professional staff and consultants. These safeguards eliminate the concerns animating the Five and Three rule, which are that individual plaintiffs, not

institutional plaintiffs, might collude with a law firm to become a "professional plaintiff." *See, e.g.*, Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), Ex. A at 10, Memorandum of Decision and Order on Motion for Appointment as Lead Plaintiff, *Guerra v. Teradyne, Inc.*, No. 1:01-cv-11789-NG (D. Mass. Aug. 27, 2002) ("Where, as here, the goals of the PSLRA can be accomplished by the appointment of a party that would otherwise violate the professional plaintiff provision, those goals should control and override the professional plaintiff restriction."); *see also Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996) (the provisions of the PSLRA "suggest a presumption that institutional investors be appointed lead plaintiff"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 454 (C.D. Cal. 2002) ("The mere fact that the [institutional investor] has acted as lead plaintiff in seven cases over the past three years is unremarkable for an institutional investor in the business of managing $10 billion in assets."); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) ("institutional investors 'do not represent the type of professional plaintiff [the PSLRA] seeks to restrict'") (quoting H.R. CONF. REP. No. 104-396, at 35 (1995)); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) ("As an institutional investor with a large financial stake in the outcome of this litigation, Louisiana Teachers 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000); and *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999).[1]

---

[1] Moreover, Handell asserts that Plymouth is currently serving in as many as six cases in the past three years (ECF No. 36 at 6); however, Plymouth is only currently serving as lead plaintiff in four cases. Plymouth's Certification states that "[d]uring the **three-year period preceding the date of the signing of this Certification**, Plymouth County sought to serve, or served, as a representative party . . . in the following private **actions arising under the Securities Act or the Exchange Act**." (ECF No. 19-2) (emphasis added). Here, Plymouth's Certification was signed on January 29, 2016. Handell contends that Plymouth's Certification did not include *Medoff v. CVS Caremark Corp.*, No. 1:09-cv-00554 (D.R.I.) ("*CVS*"). In *CVS*, Plymouth was appointed lead plaintiff on March 1, 2010, more than six years ago, along with other institutional investors. On February 29, 2016, *CVS* was dismissed with prejudice. Furthermore, on December 7, 2015, the court preliminarily approved settlement in *Plymouth Cty. Ret. Sys. v.*

3

Further, appointment of Plymouth serves Congress' policy interest of ensuring that private securities litigation is led in a professional and responsible way by financial institutions with substantial stakes in the outcome. As the Court has summarized:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.... Scholars predict that increasing the role of institutional investors will benefit both injured shareholders and courts: "Institutions with large stakes in class actions have much the same interests as the plaintiff class generally; thus, courts could be more confident settlements negotiated under the supervision of institutional plaintiffs were 'fair and reasonable' than is the case with settlements negotiated by unsupervised plaintiffs' attorneys." The Committee believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors.

*Greebel*, 939 F. Supp. at 63-64 (citing S. REP. NO. 104–98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690); s*ee also id*. at 64 ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." (quoting H.R. CONF. REP. No. 104-396, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)).

Here, Plymouth is an institutional investor that suffered a substantial loss and has provided evidence of its adequacy in its Certification. *See* ECF No. 19-2. Plymouth is a defined benefit plan headquartered in Plymouth, Massachusetts, and overseen by a five-person board that manages more than $665 million in assets, on behalf of more than 12,000 beneficiaries. As such, the record contains no evidence that Plymouth could not assume the duties of Lead Plaintiff. On the contrary, the fact that other courts have allowed Plymouth to act as lead plaintiff in securities class actions demonstrates that it is equipped to do so. Plymouth has the sophistication, expertise, and resources to supervise this litigation and will remain fully informed, at all times, concerning the status and progress of the case.

---

*Model N, Inc.*, No. CIV530291 (Super. Ct. Cal. – San Mateo Cty.) and granted final approval of class action settlement on April 5, 2016.

## CONCLUSION

For the foregoing reasons, Plymouth respectfully requests that the Court deny the competing Motions for Appointment as Lead Plaintiff, appoint Plymouth as Lead Plaintiff in this action, and approve its selection of Scott+Scott, Attorneys at Law, LLP, to serve as Lead Counsel.

Dated:  April 18, 2016

Respectfully submitted,
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**

 */s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (BBO #671410)
Thomas L. Laughlin
Joseph V. Halloran
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334
jguglielmo@scott-scott.com
tlaughlin@scott-scott.com
jhalloran@scott-scott.com

*Counsel for Proposed Lead Plaintiff Plymouth County Retirement System and Proposed Lead Counsel for the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2016.

                 */s/ Joseph P. Guglielmo*
                 Joseph P. Guglielmo (BBO #671410)
                 **SCOTT+SCOTT,**
                 **ATTORNEYS AT LAW, LLP**
                 The Chrysler Building
                 405 Lexington Avenue, 40th Floor
                 New York, NY 10174
                 Telephone: (212) 223-6444
                 Facsimile:  (212) 223-6334
                 jguglielmo@scott-scott.com